


**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL ROY,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-628-Orl-28DAB**

**RESIDENTIAL LENDING UNION OF FLORIDA, LLC and MICHAEL E. KOVACSIK,**

          **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 12)**
>
> **FILED:** **November 2, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

According to the papers filed, Plaintiff has had difficulty locating Defendants. Following two extensions of time to perfect service, Plaintiff purports to have served Defendants by substitute service on "Samantha Kovacsik, Sister" alleged to be older than 15 years of age and residing at Michael E. Kovacsik's "usual place of abode." (Doc. Nos. 10 and 11). The substitute service appears to be valid with respect to Michael Kovacsik, but the record supports no such conclusion as to the corporate Defendant.

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: 1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or 2) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected, in this case, Florida.

With regard to service of process upon corporations, Florida state law provides that:

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state....
(3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Fla. Stat. § 48.081, *Garcia v. Airport Book & Video, Inc.*, 2007 WL 2446870, *2 (S.D. Fla. 2007).

Here, the Alias Summons does not identify Samantha Kovacsik as the registered agent of the corporate defendant (Doc. No. 11 at 2). Indeed, the Alias Summons does not identify anyone as the registered agent. The Affidavit of Service also fails to name a registered agent, but indicates that service was made "at the within named Registered Agent's usual place of abode," by serving "Samantha Kovacsik Sister." This is insufficient to establish either individual service or substitute service on the corporation. Even if the Court were to assume that the registered agent is Michael Kovacsik, there is no showing that service on the sister of a registered agent, at an address not listed

in the corporate records, is adequate substitute service on a corporation.  There is no showing that the person served is in any way an officer or director of, or employed by, the corporate Defendant, or by the registered agent (whomever he or she may be).  The motion for default is **granted,** with respect to the individual, and **denied,** as to the corporate Defendant, **without prejudice** to renewal upon a proper showing.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties